21-6526
Campbell v. Garland

BIA
A215 929 051

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand twenty-three.

PRESENT:
 ROBERT D. SACK,
 RAYMOND J. LOHIER, JR.,
 WILLIAM J. NARDINI,
  *Circuit Judges.*

_____

RAYON UINARDO CAMPBELL,
  *Petitioner,*

 v.                                    21-6526
                                       NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:          Rayon Uinardo Campbell, *pro se*, Poughkeepsie, NY.

FOR RESPONDENT:          Brian M. Boynton, Principal Deputy Assistant Attorney General;

Mary Jane Candaux, Assistant Director; Elizabeth M. Dewar, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Rayon Uinardo Campbell, a native and citizen of Jamaica, seeks review of a September 21, 2021, decision of the BIA denying his motion to reopen. *In re Rayon Uinardo Campbell,* No. A 215 929 051 (B.I.A. Sept. 21, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). The BIA abuses its discretion when it "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146 (2d Cir. 2007) (quotation marks omitted).

The BIA denied Campbell's motion to reopen to apply for voluntary departure because his evidence of reduced criminal charges would not change the discretionary determination that he did not merit voluntary departure. *See INS v. Abudu*, 485 U.S. 94, 104–05 (1988) ("[I]n cases in which the ultimate grant of relief is discretionary . . . , the BIA may leap ahead . . . over the two threshold concerns (prima facie case and new evidence/reasonable explanation), and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief."). Our jurisdiction to consider a motion to reopen tied to the grant of discretionary relief is limited to constitutional claims and colorable questions of law. *Juras v. Garland*, 21 F.4th 53, 61 (2d Cir. 2021) (holding that jurisdiction to review motions to reopen tied to discretionary relief is limited because more expansive review would "provide an improper backdoor" to challenging a removal order (quotation marks omitted)); *see also* 8 U.S.C. § 1252(a)(2)(B), (D).

Campbell has not raised a constitutional claim or colorable question of law. Campbell does not have a colorable claim that the BIA engaged in improper fact-

3

finding, as the BIA was required to address the new evidence he presented and was allowed to determine whether it would change the exercise of discretion. *See Abudu*, 485 U.S. at 104-05. In addressing whether a favorable exercise of discretion is warranted, the agency may consider a criminal complaint, and Campbell did not dispute the allegations that he was involved, only the level of responsibility he had for the victim's injuries and that he had a gun. *See* 8 U.S.C. § 1229a(c)(4) (placing burden on applicant to show favorable exercise of discretion is warranted); *Padmore v. Holder*, 609 F.3d 62, 69 (2d Cir. 2010) ("We do not challenge the Board's authority to review police reports and complaints, even if containing hearsay and not a part of the formal record of conviction because such documents are appropriately admitted for the purposes of considering an application for discretionary relief." (quotation marks omitted)). "We lack jurisdiction to review any claim that an IJ or the BIA erred in weighing the factors relevant to the grant or denial of" discretionary relief. *Guyadin v. Gonzales*, 449 F.3d 465, 468-69 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court